THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CHRISTOPHER HALGAS,**<br><br>             **Plaintiff,**<br><br>    v.<br><br>**BURLINGTON COUNTY, et al.,**<br><br>             **Defendants.** | Civil No. 23-2202 (CPO/EAP) |

**AMENDED SCHEDULING ORDER**

      This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Federal Rule of Civil Procedure 16 on **November 18, 2025**; and the Court noting the following appearances: **Samuel D. Jackson, Esquire**, appearing on behalf of Plaintiff; and **Edward F. Kuhn, Esquire**, appearing on behalf of Defendants; and for good cause shown;

      **IT IS** this **18th** day of **November 2025**, hereby **ORDERED**:

      1.    No later than **November 26, 2025**, Defendant shall submit a letter to the Court providing a status update on the production of the internal affairs files.

      2.    **Fact Discovery.** Pretrial factual discovery is extended to **February 13, 2026**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

      3.    **Expert Discovery.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants no later than **March 13, 2026**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff no later than **April 30, 2026**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

      The parties shall *reserve* their rights to conduct expert depositions until after dispositive motions or by leave of Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

4. **Dispositive Motions.**  If no expert discovery is conducted, dispositive motions shall be filed with the Clerk of the Court no later than **May 22, 2026**.  If expert discovery is conducted, dispositive motions shall be filed with the Clerk of the Court no later than **April 10, 2026**.  Opposition to the motion should be served in a timely fashion.  Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, Motion Practice (generally).  This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

5. The Court will conduct a telephone status conference on **January 12, 2026, at 11:00 a.m.**  Counsel shall dial **1-856-210-8988, access code 504669460#** to connect to the call.  At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist.  No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in person, by telephone, or by video conference.

6. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application.  The scheduling deadlines set herein will not be extended unless good cause is shown.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER
MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.